

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

January 24, 2024

**BY ECF**
Hon. Richard J. Sullivan
United States Circuit Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:**   *United States v. Cyrus Little*,
                No. 17 Cr. 183 (RJS)

Dear Judge Sullivan:

      The Government respectfully submits this letter in advance of defendant Cyrus Little's sentencing on violations of his supervised release terms, which is currently scheduled for January 30, 2024 at 10:00 a.m.  On November 1, 2023 and December 20, 2023, the defendant pled guilty to violating his terms of supervised release through using and possessing marijuana and failing to attend a co-occuring treatment program.

## Background

### A.  The Underlying Offense and Commencement of Supervised Release

      The defendant was a street-level dealer of marijuana, associated with a gang, and possessed a firearm, which was discharged, in connection with an apparent gang dispute, where no one was injured.  On October 11, 2017—after an initial unsuccessful guilty plea (which apparently was the result of mental challenges the defendant faced)—the defendant pled guilty to possession with the intent to distribute marijuana, and the lesser-included offense of possession of a firearm in furtherance of that drug crime.  (PSR ¶ 6.)  As more fully detailed in the PSR, and as the Court recounted at sentencing, the defendant had a staggering 29 prior convictions, although the instant offense was his first felony.  Many of the prior convictions were for marijuana related offenses, although there were several that were more disturbing, involving either a weapon or the threat or actual use of force.

On February 23, 2018, the defendant appeared before this Court for sentencing. In imposing sentence, this Court discussed the various sentencing factors, including the seriousness of the offense, the defendant's lengthy criminal history, and the defendant's "lengthy history of dealing with mental health issues." The defendant's mental health challenges significantly informed the Court in determining the appropriate sentence of 72 months' imprisonment.

The defendant's supervision commenced on June 10, 2022. (Violation Report, dated November 29, 2023). As reflected in the Violation Report, the defendant has maintained employment, but has struggled with marijuana use, and at times has failed to attend treatment. A probation search of his residence also uncovered certain indicia that he had returned to distributing marijuana, although the Government's review of the evidence was not conclusive. As a result, the Government's recommendation in this matter is based only on personal use of marijuana, not any potential drug dealing.

### B. The Violation Specifications and Applicable Guidelines Range

On November 1, 2023, the defendant pled guilty to three specifications relating to use of marijuana and failure to attend treatment. While the defendant was on release pending sentencing on those specifications, the defendant engaged in additional marijuana use and possession. The defendant pleaded guilty to those additional specifications on December 20, 2023.

The Specifications carry a five-year statutory maximum sentence. *See* 18 U.S.C. § 3583(e)(3). These are all Grade C violations. Because the defendant is in Criminal History Category VI (the highest category despite no prior felony convictions), the Guidelines Range is 8 to 14 months' imprisonment for the Grade C violations. *See* U.S.S.G. § 7B1.4(a).

In light of the conduct described above, the Probation Department initially recommended a sentence of 8 months' imprisonment to be followed by supervised release. (Violation Report at 5.) However, based on my further discussions with the Probation Department, including based on the defendant's behavior recently, the Government understands that the Probation Department has revised its recommendation to be a Residential Re-Entry Center (RRC), for a period of 90 days, during which time the defendant must not be permitted to leave the facility except for work, religious observance or other acceptable reasons as approved by the Probation Department.

## Discussion

### A. Applicable Law

Pursuant to Title 18, United States Code, Section 3583(e), a sentencing court "may, after considering" a variety of factors set forth in § 3553(a)—including any relevant policy statements issued by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(a)(3), *see* 18 U.S.C. § 3553(a)(4)(B)—revoke a defendant's term of supervised release and require the defendant to serve a term of imprisonment, if the court first determines that the defendant violated

the terms of his or her supervised release. *United States* v. *Lewis*, 424 F.3d 239, 243 44 (2d Cir. 2005); *see* 18 U.S.C. § 3583(e).

When imposing a sentence, the Court must consider the factors listed in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), including, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the applicable Guidelines range. *See* 18 U.S.C. §§ 3553(a); 3583(e)(3). Although under Section 3553(a)(2)(A), "the seriousness of the offense," is not explicitly listed, the United States Court of Appeals for the Second Circuit has held "that under the pertinent statutory provisions, the court in sentencing a defendant for violation of supervised release may properly consider the seriousness of his offense." *United States v. Williams*, 443 F.3d 35, 48 (2d Cir. 2006).

In assessing the appropriate sentence, "the primary goal of a revocation sentence" is "to sanction the violator for failing to abide by the conditions of the court-ordered supervision," in order to account for the breach of trust inherent in failing to follow the court-imposed conditions of supervised release. U.S.S.G. Ch. 7, Pt. A(3)(b). Thus, "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *Id.; see also United States v. Sindima*, 488 F.3d 81, 86 (2d Cir. 2007). Additionally, among other things, the sentencing court may consider whether it had previously imposed a lenient sentence on the defendant. *See, e.g., United States v. Verkhoglyad*, 516 F.3d 122, 129-31 (2d Cir. 2008) (approving sentence for violation based, in part, on Court's decision to depart downward at initial sentencing).

### B. The Government Supports The Probation Department's Revised Recommendation

In this case, sanctioning the defendant's breach of trust and taking account of the other sentencing factors, including the need for continued mental health treatment, support the Probation Department's revised sentencing recommendation of a term of custody in an RRC.

The defendant's breach of the Court's trust is significant here. The defendant both used an illegal drug (marijuana) on supervision and failed to attend treatment, and then, more significantly, the defendant continued to use and possess marijuana while the defendant was pending sentencing. However, the seriousness of the breach of the conduct is tempered by the significant mental health issues that the defendant continues to deal with.

Although this conduct merits a sentence that imposes certain sanctions on the defendant, even if a sentence short of imprisonment is considered, the defendant's proposal for home detention is not the right answer according to the Probation Department, because the location is not suitable for the defendant to serve his sentence there. In the particular circumstances here, including the family dynamic at the residence where he currently resides, the Government agrees

Honorable Richard J. Sullivan
January 24, 2024
Page 4 of 4

with the Probation Department's assessment.  Further, an RRC may be a better location to assure that the defendant remains drug free and regularly attends his required treatment sessions.

IV.   CONCLUSION

For the reasons set forth above, the Government respectfully requests, consistent with the Probation Department's revised recommendation, that the Court impose a sentence of 90 days in an RRC.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

Eli J. Mark
Assistant United States Attorney
(212) 637-2431

cc:   (via ECF and email)

A. James Bell, Esq.
*Counsel for Cyrus Little*

Ji'vonne H. Gilmore, LMSW
*United States Probation Officer Specialist*