# Angus James Bell, Esq.

30 Wall Street, 8th Floor New York, New York 10005
Tel: (212) 804-5765   Fax: (718) 504-6351
Email: ajamesbelllaw@gmail.com

September 18, 2024

Hon. Richard J. Sullivan
United States Circuit Judge, Second Circuit
Southern District of New York
New York, New York  10007

Re: United States v. Cyrus Little 17Cr183 (RJS)

Dear Judge Sullivan:

I am counsel for Mr. Cyrus Little, appointed on January 18, 2023 pursuant to 18 U.S.C. § 3006A to represent this client regarding specifications of violation of supervised release and related conduct included in the Probation Report dated October 17, 2023, the updated report dated November 29, 2023 and the amended report dated August 28, 2024. On November 1, 2023, Mr. Little accepted responsibility and admitted to specifications 1 through 3. On December 20, 2023, he admitted to specifications 4 and 5 that relates to the prohibited items found in his home by Probation. Most recently, on September 6, 2024, Mr. Little was presented on two additional specifications, 7 & 8. These specifications relate to driving with a suspended license and failing to follow the instructions of the Court. Mr. Little admitted to these specifications as well and was remanded pending sentencing.  Sentencing is scheduled for October 2nd at 10 am.

The objective of this memorandum is to provide the Court with information to assist with formulating a sentence that is sufficient, but not greater than necessary to comply with the purpose of sentence set forth in 18 U.S.C. § 3553(a).  This memorandum is submitted to supplement counsel's prior submission filed on January 22, 2024. In that submission, counsel fully details this client's background, struggles with sobriety as well as his mental health concerns. I am confident that the Court will fully review all prior submissions and give due consideration to the information contained therein to assist in formulating a just sentence in this matter. Counsel will therefore not reiterate that information here.

However, in light of the information articulated in the amended Probation Report, the information contained herein, and the Government's anticipated response, the defense recommends that the Court impose a sentence at variance with the Sentencing Guidelines pursuant to the Court's authority under <u>United States v. Booker</u>, 534 U.S. 220 (220) and 18 U.S.C. § 3553.  The defense recommends a sentence to a adult residential treatment facility that will provide Mr. Little the support to work on his sobriety while also

providing him the opportunity to continue his employment with NYC Fly Wheels, a wheel chair transport company, a job he has successfully held since December 2022.

As noted in the amended report, each of the admitted specifications is a Grade C Violation. The Sentencing Guideline for these violations is found in § 7B1.4 and provides for an 8 – 14 month term of incarceration. Probation recommends a sentence of 5 months incarceration and continued supervision. Counsel argues that a term of incarceration will fail to address the needs of this client, would work to further derail his real progress toward redemption and that such a sentence would be grater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

At the time of sentencing, Mr. Little will have been detained at the Brooklyn Metropolitan Detention Center (MDC) for approximately 30 days. In forming a sentence, we ask the Court to consider the conditions at MDC that have, for a considerable period, been exceedingly more punitive than "normal" times in prison. This period at the MDC has been punctuated by constant lockdowns and lock-ins (during which detainees cannot leave their cells for visits, calls, showers, or exercise; are provided cold food; and are unable to access the already limited services in the facility) caused by widespread violence, disorder and utter inhuman treatment. As Judge Gary R. Brown recently observed, the on-going incidents at the MDC continues to "demonstrate a woeful lack of supervision over the facility, a breakdown of order and an environment of lawlessness within its confines that constitute unacceptable, reprehensible and deadly mismanagement." *United States v. Colucci*, No. 23 Cr. 417 (GRB), 2024 WL 3643857, at 6 (E.D.N.Y. Aug. 5, 2024).

In addition to the on-going and unchecked violence at the facility, the jail has also been placed on lockdown multiple times due to the suspicion that a loaded weapon was smuggled into the facility.[1] During these lockdowns, the Bureau of Prisons regularly subjected inmates to unnecessarily harsh conditions and treatment as they searched for these loaded guns. As a result, the inmates were denied access to showers, phones and legal counsel.

In the Judge Brown decision, the Court further noted that the "dangerous and barbaric conditions that have existed for some time" at the MDC should be a consideration in nearly every bail and sentencing determination. Id at 1  To this point, the Court highlighted a number of cases in this Circuit where the conditions at the MDC appropriately affected the judicial determinations in this regard.

> "In *United States v. Chavez*, contrary to statutory presumptions, Judge Furman ordered that a narcotics defendant subject to a multi-year sentence remain at liberty pending surrender, based largely on the conditions at MDC. __ F.Supp.3d at___, 2024 WL 50233, at 6. In *United States v. Griffin,* No. 22 Cr. 408 (EK), 2024 WL 2891686, at 3 (E.D.N.Y. June 10,

---

[1] "Metropolitan Correctional Center on Lockdown amid search for possible smuggled gun," available at: https://nypost.com/2020/02/28/nyc-jail-on-lockdown-amid-search-for-possibly-smuggled-gun/

2024), Judge Komitee granted a motion for compassionate release based primarily on the conditions at MDC for a defendant serving time for violating supervised release. Cf. *United States v. Santana,* No. 22Cr. 368 (VM), 2024 WL 2275037, at 2 (S.D.N.Y. May 20, 2024) ("Given the severe prison conditions that prevail at the MDC (conditions that amount to imposing harsher punishments on prisoners), this Court and others have adjusted sentences of defendants in custody there for lengthy periods."). In yet another case, Judge Cogan indicated that he might have sentenced an offender to incarceration "if not for the length of the sentence landing him in the Bureau of Prison's Metropolitan Detention Center in Brooklyn."[2]

Given the nature of the charged violations and the real progress toward redemption made by Mr. Little, an additional term of incarceration at the MDC, especially under these uniquely punitive and hostile conditions, would by definition be unduly harsh and substantially grater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

We therefore believe there are significant reasons to be optimistic for Mr. Little's future. His commitment to maintaining gainful employment and working hard to build a stable life for himself are strong indicators that he is on a positive trajectory toward redemption and becoming a productive member of his community. It is upon these bases that we submit that a sentence to a term of residential treatment that will allows him to continue his employment, would be sufficient but not greater than necessary to account for the charged conduct.

Thank you in advance for your consideration of this application. We will await further instructions from the Court.

Respectfully,

*-s- AJBell*___
A. James Bell, Esq.

---

[2] " 'Such a Weird Case': US Judge Sentences Platinum Partners Co-Founder to Six Months Home Confinement," New York Law Journal, July 16, 2024, available at https://www.law.com/newyorklawjournal/2024/07/16/such-a-weird-case-us- judge-sentences-platinum-partners-co-founder-to-six-months-home-confinement/? slreturn=20240620105128